[No. 21305. Department One. September 6, 1928.]

LILLIAN B. RITTER, *Appellant,* v. J. WEINER, *Respondent.*[1]

*E. D. Germain,* for appellant.
*Fisk & McCarthy,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, sued to recover the sum of one thousand and five dollars, advanced to and for the defendant at his special instance and request. The case was tried to the court, sitting without a jury. At the close of the plaintiff's case, a motion for nonsuit was interposed and granted, and a judgment of dismissal followed, from which the plaintiff has appealed.

[1]Reported in 270 Pac. 137.

There was testimony received on behalf of the appellant to the effect that the husband of the appellant, in the year 1926, leased a certain store room, in the city of Longview, for a period of ten years, under written lease, for the purpose of conducting a retail business therein. By the terms of the lease a deposit of fifteen hundred dollars was required to be made, the money so deposited to be applied to the payment of rental to accrue in the latter part of the term.

The deposit was made with separate funds of the wife, derived through inheritance from her mother, under an agreement between the husband and wife that the money so deposited, or the credit so created, should remain the separate property of the wife.

Some six months after the lease took effect, the husband went out of business, but found a new tenant for the store room in the person of the respondent. Instead of assigning the lease, the parties, by agreement and with the consent of the agent having charge of the property, arranged for a new lease to be made directly to the respondent for the unexpired term, and the unused credit of fifteen hundred dollars on the first lease was transferred and credited to the respondent on the new lease; he, according to the testimony, as consideration, agreeing to incorporate his business and issue capital stock thereof to the appellant to the amount of the credit so received. There seems to be no question that this was not done, and that respondent has not in any manner paid the appellant anything for, or on account of the credit which he so received, though a credit of $495 is admitted on account of sums received from other sub-tenants.

The motion for a nonsuit was based upon the ground, first, that, if there was any right of recovery here, the right was in the community and that the wife alone could not maintain the action; and, second, it

was urged that the proof failed to show a credit to the respondent, which the landlord was bound in law to recognize.

As to the first question, the proof was ample to show that the money advanced was the wife's separate property, and that it was agreed between the husband and wife that the fund deposited and the credit thus created should remain her separate property.

Since no creditor of the community is here complaining, that was enough to make a *prima facie* case in that respect. *In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, and cases there cited. Moreover, the husband testified in the case to the facts as indicated, and therefore both husband and wife are now estopped from hereafter asserting that the community had any interest in the fund in question.

The trial court granted the nonsuit on the ground which we have just discussed; but as the second ground mentioned is urged here, we may say that, as we read the evidence, it shows that the credit was transferred by the agent who rented the building and who collected the rents. He testified to such transfer, and that the credit now appears to the respondent's account on his books. An agent with authority to rent and to collect rent has apparent authority to credit sums paid in advance on rent still to accrue under an existing lease. Respondent's counsel admitted in open court that respondent was paying his rent to this particular agent. We think this ample to make a *prima facie* case, and therefore respondent should have been put to his proof.

The judgment appealed from is reversed, and the cause remanded with directions to try out the issues on the merits.

FULLERTON, C. J., PARKER, and FRENCH, JJ., concur.